E-filing

1  JOHN L. BURRIS, Esq./ State Bar #69888
2  BENJAMIN NISENBAUM, Esq./Sate Bar #222173
   LAW OFFICES OF JOHN L. BURRIS
3  Airport Corporate Centre
   7677 Oakport Street, Suite 1120
4  Oakland, California 94621
   Telephone:   (510) 839-5200
5  Facsimile:    (510) 839-3882

6  Attorneys for Plaintiff

7
                    UNITED STATES DISTRICT COURT
8
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10
   MARIA JOYA, individually, and as           Case No. C07-04739
11 Administrator of the Estate of NASIR SOLIS,
                                              COMPLAINT FOR WRONGFUL DEATH
12          Plaintiff,                        VIOLATION OF CIVIL RIGHTS AND
                                              DAMAGES
13     vs.
                                              JURY TRIAL DEMANDED
14
   CITY OF HAYWARD, a municipal
15 corporation; LLOYD LOWE, in his capacity as
   Chief of Police for the CITY OF HAYWARD;
16 JASON CORSOLINI, individually and in his
   capacity as an officer for the CITY OF
17 HAYWARD; and DOES 1-25, inclusive,

18          Defendants.
                                         /
19

20

21                               **JURISDICTION**

22     1.   This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction
23 is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The
24 unlawful acts and practices alleged herein occurred in the City of Hayward, County of Alameda,
25 California, which is within this judicial district. Further, this action arises under California C.C.P.
26 Sections 340(3), 377, 377.10(b), 377.11, 377.20, 377.30, 377.32(a), 377.34, 377.60(a), 377.61, and
27 377.62, and Probate Code Section 6402(b), as plaintiff is the surviving mother of NASIR SOLIS,
28 deceased, also referred to herein as "decedent". Jurisdiction is conferred upon this Court by

California C.C.P. Section 340(3). The unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

## PARTIES

2. Plaintiff is, and at all times herein mentioned was, a citizen of the United States and resident of Hayward, California. Plaintiff is the mother of decedent, NASIR SOLIS, who was readily recognizable as a Hispanic-American. Plaintiff is Decedent's successor in interest, pursuant to C.C.P. Section 377.11, and the beneficiary of decedent's estate, pursuant to C.C.P. Section 377.10(b). Plaintiff is also the personal representative of the Estate of NASIR SOLIS.

3. Defendant CITY OF HAYWARD ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times mentioned herein, defendant LLOYD LOWE was the Chief of Police for the CITY. Defendant LOWE is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendant JASON CORSOLINI ("CORSOLINI"), was employed by defendant CITY as a police officer for the CITY. He is being sued individually and in his official capacity as a peace officer for the CITY.

5. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend her complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

6. In engaging in the conduct described herein, defendant officers acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, defendant peace officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY.

7. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## STATEMENT OF FACTS

8. On the afternoon of August 30, 2006 Decedent NASIR SOLIS approached his brother, Alberto Solis, and a group of several other people, including Mark Mata, Mr. Mata's brother, Mr. Mata's mother, and Mr. Mata's grandmother, who were all in the yard of Mr. Mata's residence at 168 Laurel Avenue. Decedent knew Mr. Mata through school and common acquaintances.

9. Decedent asked his brother if he had taken decedent's bicycle. Decedent's brother was bewildered at the question and told decedent that he had not taken his bicycle. Decedent's brother stepped out of the yard and began arguing with decedent, who held a stick or rod in his hand. The two brothers began to wrestle after decedent struck the yard's fence with the object he held. No threats were made by decedent, and the wrestling between the two brothers was not violent or out of control.

10. Hayward Police Department Defendant Officer CORSOLINI arrived on the scene in a marked Hayward Police Department vehicle. Defendant Officer CORSOLINI abruptly stopped his police vehicle, exited the vehicle in full police uniform, and immediately ran toward Decedent. Defendant Officer CORSONLINI held a long black police baton in one hand as he ran toward Decedent. Decedent's brother stepped away when he noticed the officer. Defendant Officer CORSONLINI immediately struck Decedent on the head with his police baton, and Decedent dropped the object he had been holding. As he struck Decedent, Defendant Officer CORSOLINI cursed at Decedent repeatedly and told him to "drop the mother fucking stick," even after decedent dropped the stick. Decedent never struck the officer.

11. Decedent was empty-handed as he backed away from Defendant Officer CORSOLINI after CORSOLINI struck Decedent on the head with his police baton. Defendant Officer CORSOLINI continued striking Decedent with his police baton. Witnesses called out to Defendant Officer CORSOLINI to stop hitting Decedent. Defendant Officer CORSOLINI landed numerous blows to Decedent, who was unarmed after the initial blow. Decedent eventually grabbed the officer so that the two were face to face in the street. Decedent never struck Defendant Officer CORSOLINI but he held on as Defendant Officer CORSOLINI continued to strike him. Eventually, Decedent fell to the ground with Defendant Officer CORSOLINI on top of him.

12. Defendant Officer CORSOLINI was in a position of advantage over Decedent, who was on the ground. Defendant Officer CORSOLINI had Decedent pinned to the ground, with his knee on Decedent's back. Decedent told the officer that he "gave up" and begged the officer not to shoot him. Defendant Officer CORSOLINI made no attempt to handcuff Decedent. Witnesses yelled out to Defendant Officer CORSOLINI and also pleaded with the officer not to further hurt or shoot Decedent, since Decedent had clearly surrendered and presented no threat to the officer. Defendant Officer CORSOLINI then shot decedent several times.

13. Several other Hayward Police Department personnel arrived on the scene shortly after the decedent was shot and killed..

14. The above-described misconduct by Defendant Officer CORSOLINI was brutal, malicious, and done without any just provocation or cause, proximately causing NASIR SOLIS's suffering and death, and injuries and damages to Plaintiff.

15. . Defendant CITY, by and through its supervisory employees and agents, Chief of Police LLOYD LOWE, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, Chief LOWE, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Decedent's and Plaintiff's rights, the suffering and death of decedent, and injuries and damages to Plaintiff. CITY, Chief LLOYD LOWE, and DOES 11-25, inclusive, breached their duty of care to citizens in that they failed to adequately train, supervise and discipline their officers, including Officer CORSOLINI and DOES 1-10, inclusive, in the proper use of force, and/or failed to have adequate policies and procedures regarding the use of force. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by officers employed by defendant CITY.

## DAMAGES

16. Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiff's loss of decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

17. Plaintiff JOYA is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b). Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. Sections 377.60 and 377.61.

18. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiff JOYA is further entitled to recover for physical injuries inflicted against decedent before he died as the result of being assaulted, battered and shot, for deprivation without due process of Decedent's right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover, had he lived.

19. As a proximate result of defendants' conduct, Decedent suffered pain and physical injuries, and lost wages and earnings. As a further proximate result of defendants' conduct, decedent suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride.

20. Plaintiff JOYA is entitled to on behalf of decedent for his injuries and damages.

21. The conduct of Defendant Officers CORSOLINI and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiff JOYA, as decedent's successor in interest, is therefore entitled to an award of punitive damages against said defendant officers on behalf of Decedent's right to punitive damages against said defendant officers.

22. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of both decedent's and Plaintiff's civil rights.

## FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)

COMPLAINT FOR WRONGFUL DEATH, VIOLATION OF CIVIL RIGHTS AND DAMAGES - 5

(Against Defendants CORSOLINI and DOES 1-10)

23. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24. In doing the acts complained of herein, Defendants CORSOLINI and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff and Decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, LOWE and DOES 11-25)

25. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26. Defendant CITY OF HAYWARD, by and through its supervisory employees and agents, LLOYD LOWE, Chief of Police for the CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its peace officer employees so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, LLOYD LOWE, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Decedent's and Plaintiff' rights, the suffering and death of Decedent, and injuries and damages to decedent and Plaintiff. Defendants CITY, LOWE, and DOES 11-25, inclusive, breached their duty of care to citizens in that they failed to adequately hire, retain, supervise, discipline, and train peace officers, including CORSOLINI, and DOES 1-10, inclusive, in the proper use of force, and/or failed to have adequate policies and procedures

regarding the proper use of force. This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force toward citizens by police officers employed by Defendant CITY.

27. The acts of defendant peace officers alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, LOWE, and DOES 11-25, inclusive, to the violation of the constitutional rights of citizens by defendant police officers herein, and other members of the Hayward Police Department. Decedent's and Plaintiff's injuries were a foreseeable and proximate result of the deliberate indifference of the CITY, LOWE, and DOES 11-25, inclusive, to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Right to Familial Relationship)
(Against Defendant CORSOLINI and DOES 1-10)

28. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. Defendant police officers CORSOLINI and DOES 1-10, inclusive, acting under color of state law, deprived Plaintiff without due process of law, of her right to a familial relationship by seizing Decedent by using unreasonable, unjustified deadly force and violence and causing injuries which resulted in Plaintiff's decedent's death, all without justifiable provocation, in violation of rights, privileges, and immunities secured by the Fourth, and Fourteenth Amendments to the United States Constitution. As a result, Plaintiff suffered damages as alleged in this Complaint.

30. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff and Decedent. The wrongful acts, and each of them, were willful, oppressive, and malicious.

COMPLAINT FOR WRONGFUL DEATH, VIOLATION OF CIVIL RIGHTS AND DAMAGES - 7

31. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (SURVIVAL ACTION: VIOLATION OF DECEDENT'S CIVIL RIGHTS – 42 U.S.C. § 1983)
### (Against all defendants)

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. The foregoing claim for relief arose in decedent's favor, and decedent would have been the plaintiff with respect to this claim if he had lived.

34. Defendants acted under color of law in subjecting decedent to excessive force, thereby depriving Plaintiff and the Decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from the excessive use of force by law enforcement officers, as guaranteed by the fourth and fourteenth Amendments to the United States Constitution; and,

35. As a proximate result of the foregoing wrongful acts of defendants, and each of them, the decedent has sustained a loss of the enjoyment of life and damages, in an amount in accordance with proof.

36. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff and the decedent. The wrongful acts, and each of them, were willful, oppressive and malicious.

Wherefore, Plaintiff prays for judgment as set forth herein.

## FIFTH CAUSE OF ACTION
### (Wrongful Death-Intentional)
### (C.C.P. Sections 377.60 and 377.61)
### (Against Defendant CORSOLINI and DOES 1-10)

37. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38. Defendant police officers CORSOLINI and DOES 1-10, inclusive, intentionally and wrongfully assaulted, battered and shot Plaintiff's Decedent, proximately causing his death. Said defendant police officers either intended to cause decedent's death when assaulting, battering and shooting him, or intended to assault and batter decedent and thereby proximately caused his death.

39. As an actual and proximate result of said defendants' intentional and wrongful conduct against decedent, and the proximately caused death of decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of decedent, in an amount according to proof at trial.

40. As a further actual and proximate result of defendants' intentional and wrongful conduct against decedent, and the proximately caused death of decedent, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

41. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action against, and claims damages from, said defendants for the wrongful death of decedent and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

\

### SIXTH CAUSE OF ACTION
(Wrongful Death-Negligence)
(C.C.P. Section 377.60 and 377.61)
(Against Defendant CORSOLINI and DOES 1-10)

42. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43. Defendant police officer CORSOLINI and DOES 1-10's negligent actions and/or negligent failures to act, as set forth herein above proximately caused the death of decedent NASIR SOLIS.

44. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of decedent, in an amount according to proof at trial.

45. As a further actual and proximate result of said defendants' negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

46. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action against, and claims damages from, said defendants for the wrongful death of decedent, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendant Officers CORSOLINI and DOES 1-10)

47. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 46 of this complaint.

48. Plaintiff is informed and believes and thereon alleges that the conduct of defendant police officers CORSOLINI and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against Plaintiff's decedent. Decedent is and was readily recognizable as a Hispanic-American. In engaging in such conduct, Defendants violated Plaintiff's decedent's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

49. Under the provisions of California Civil Code Section 52(b), defendants are liable an additional $25,000.00 for each violation of Civil Code Section 51.7 for punitive damages and for reasonable attorney's fees.

50. As a proximate result of defendants' wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendant CORSOLINI and DOES 1-10)

51. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 50 of this Complaint.

52. The conduct of defendant police officers CORSOLINI and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that through the wrongful assault and battery and killing of Decedent they interfered with Decedent's exercise and enjoyment of his civil rights, and interfered with the rights of Plaintiff including her right to a familial relationship. This deprivations was without due process of law, by the use of unreasonable and unjustifiable force and violence and wrongful conduct as alleged herein, all without provocation and in violation of the Fourth and Fourteenth Amendments to the United States Constitution, all to Plaintiff's damage as alleged herein..

53. As a direct and proximate result of defendants' violation of Civil Code Section 52.1, decedent and Plaintiff suffered violation of their constitutional rights, and suffered damages as set forth herein.

54. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

55. Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Assault and Battery)
(MARIA JOYA, as personal representative of the Estate of NASIR SOLIS against Defendants CORSOLINI and DOES 1-10)

56. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 54 of this Complaint.

57. Defendant police officers CORSOLINI and DOES 1-10, inclusive, placed Plaintiff's decedent in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

58. These defendants' conduct was neither privileged nor justified under statute or common law.

59. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against all defendant police officers herein)

60. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 59 of this Complaint.

61. The conduct of defendant police officers CORSOLINI and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated

by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon decedent.

62. As a proximate result of defendants' willful, intentional and malicious conduct, Plaintiff decedent suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants. Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

ELEVENTH CAUSE OF ACTION
(Negligence)
(Against Defendant CORSOLINI and DOES 1-10)

63. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 62 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

64. At all times herein mentioned, defendant police officers CORSOLINI and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Decedent to suffer injuries and damages as set forth herein.

65. The wrongful conduct of defendants which caused the death of Decedent, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Decedent. Pursuant to Government Code Section 815.2(a), defendant CITY is vicariously liable to Plaintiff, on behalf of Decedent, for injuries and damages suffered as alleged herein, and incurred as a proximate result of the aforementioned wrongful conduct of defendants.

66. As a proximate result of Defendants' negligent conduct, Decedent suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on his emotional tranquility, and damages. Ultimately, as the proximate result of defendants' negligent conduct, NASIR SOLIS died. Said defendants are therefore liable to Plaintiff, on behalf of Plaintiff's decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

67. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $10,000,000.00;
2. For special damages in a sum according to proof;
3. For funeral and burial expenses according to proof;
4. For punitive damages for decedent's causes of action against defendant peace officers in a sum according to proof;
5. For injunctive relief enjoining, pursuant to California Civil Code Section 52.1, defendant CITY from authorizing, allowing, or ratifying the practice by any peace officer employee of defendant CITY of using excessive and unreasonable force against persons;
6. Civil penalty of $25,000.00 and punitive damages against Defendant Officers for each violation of California Civil Code section 51.7, punitive damages against Defendant Officers, and reasonable attorney's fees, pursuant to California Civil Code section 52(b);
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

Dated: September 12, 2007

**The Law Offices of John L. Burris**

*[signature]*

John L. Burris
Attorney for Plaintiff

COMPLAINT FOR WRONGFUL DEATH, VIOLATION OF CIVIL RIGHTS AND DAMAGES - 15