```
 1  MICHAEL S. LAWSON (SBN 048172)
    City Attorney
 2  RANDOLPH S. HOM (SBN 152833)
    Assistant City Attorney
 3  CITY OF HAYWARD
    777 "B" Street
 4  Hayward, California 94541
    Telephone: (510) 583-4450
 5  Facsimile:  (510) 583-3660

 6  Attorneys for Defendants City of Hayward,
    Lloyd Lowe, and Jason Corsolini
 7
    JOHN L. BURRIS
 8  BEN NISENBAUM
    LAW OFFICE OF JOHN L. BURRIS
 9  Airport Corporate Centre
    7677 Oakport Street, Suite 1120
10  Oakland, CA  94621

11  Attorneys for Plaintiff Maria Joya
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA JOYA, individually, and as Administrator of the Estate of NASIR SOLIS, <br><br>Plaintiffs, <br><br>-vs- <br><br>CITY OF HAYWARD, a municipal corporation; LLOYD LOWE, in his capacity as Chief of Police for the CITY OF HAYWARD; JASON CORSOLINI, individually and in his capacity as an officer of the HAYWARD POLICE, <br><br>Defendants. <br>_____/ | Case No:. C 07 04739 (CRB) <br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT <br><br>DATE:     April 18, 2008 <br>TIME:     8:30 a.m. <br>CRTRM:  8 |

  1.   Jurisdiction. All named parties are purportedly subject to the Court's jurisdiction pursuant to Title 28 of the United States Code Sections 1331 and 1343. See related action of Saleh Ali v. City of Hayward, et al., United States District Court Case No. C 07-04718 (CRB) for related parties.  All defendants have been served with the complaint and have answered.

2.   Substance of Action.

**<u>Plaintiff's Claim</u>**:

On the afternoon of August 30, 2006 Defendant Officer JASON CORSOLINI shot and killed Decedent NASIR SOLIS, who was unarmed, following a dispute between Decedent and his brother, Alberto Solis, near the yard of 168 Laurel Avenue in Hayward, California.

Decedent held a stick or a rod in his hand, and began to argue with his brother. Several witnesses were present, including a common acquaintance, Mark Mata. Although no threats were made, Decedent and his brother began to wrestle with each other.

Defendant Officer CORSOLINI arrived on the scene, fully uniformed, armed and was in a marked Hayward Police Department vehicle. Defendant Officer CORSOLINI exited his patrol vehicle, baton in one hand, and approached decedent and his brother. Decedent's brother saw the officer and backed away from Decedent, who still held the stick or rod. Defendant Officer CORSOLINI ordered Plaintiff to "drop the motherfucking stick"Defendant Officer CORSOLINI then struck decedent on the head with his police baton. Decedent dropped the object in his hand.

Decedent backed away from Defendant Officer CORSOLINI, who continued striking Decedent with his police baton. Witnesses present called out to Defendant Officer CORSOLINI to stop attacking decedent. Decedent never struck Defendant Officer CORSOLINI, but grabbed the officer after CORSOLINI continued hitting him with his police baton. Eventually, decedent fell to the ground, with CORSOLINI on top of him.

Defendant Officer CORSOLINI pinned Decedent to the ground, so that his knee was in Decedent's back and Decedent was prone, face down on the ground. Decedent told Defendant Officer CORSOLINI that he "gave up", and begged the officer not to shoot him. Witnesses present also called out to the officer not to hurt decedent any further. Defendant Officer CORSOLINI made no attempt to handcuff Decedent.

Although Decedent had clearly surrendered and presented no further threat to the officer. Defendant Officer CORSOLINI then fired his gun several times at decedent, killing him.

Several other Hayward Police Department personnel arrived on the scene shortly after

the decedent was shot and killed..

Plaintiff MARIA JOYA is Decedent's mother, raised him and his successor-in-interest. Decedent had no children.

**Defendants' Claim**: On August 30, 2006, at approximately 2:45 p.m., Nasir Solis trespassed on to the residence of Bryant Taylor. Taylor confronted Solis. Solis wielded what appeared to be an in-line skate in his hand and physically attacked Taylor. Solis yelled, "Straight Norte!". Taylor followed Solis as he fled to another residence. Solis was involved in another physical alteracation. The Hayward Police Department ("HPD") responded to this battery in progress at 168 Laurel Avenue, in Hayward, California. HPD Officer Jason Corsolini, observed Solis brandish a metal pipe in his right hand. Solis repeatedly struck another male with the pipe to his upper body and head area. Corsolini repeatedly commanded Solis to drop the pipe and go to the ground.  Instead of complying with the officer's commands, Solis charged Corsolini and struck him with the pipe. Corsolini defended himself by striking Solis with his baton. Corsolini took the pipe from Solis. Solis took out a red bandana and proclaimed, "Norte, homey, Norte!" (i.e. Norteno Gang Affiliation) Solis charged the officer again causing both individuals to fall to the ground. Solis grabbed for the officer's firearm. The officer attempted to retain his firearm by pushing down on Solis' hand to keep the firearm in its holster. Solis threatened, "(I'm going to) shoot you." Corsolini gained control of his firearm. With Solis grabbing at the firearm several errant shots rang out.  Ultimately, a fatal shot entered Solis through his neck area. The Autopsy Protocol detected .086 mg./l of methamphetamine and .024 mg./l of amphetamine in Solis' leg blood.

Defendants assert that Corsolini utilized reasonable force in his self-defense and during his contact with Solis . Moreover, defendants further assert that they are entitled to qualified

immunity, <u>inter alia</u>.

  3. Identification of Issues.

  **Plaintiff**: Plaintiffs causes of action include violation of 42 U.S.C. section 1983 against Defendant Officer CORSOLINI for excessive force wrongful death, and against Chief LOWE and Defendant CITY for *Monell* violations. Plaintiff also alleges ancillary state law causes of action, including intentional and negligent wrongful death, assault and battery, intentional infliction of emotional distress, violation of civil code sections 51.7 and 52.1, and negligence.

  **Defendants**: The principal issues in dispute are the following: whether reasonable suspicion/probable cause existed for the detention/arrest of the suspect; whether the force used by the defendant police officer was reasonable; whether defendant police officer is entitled to qualified immunity; whether plaintiff's damages were caused by excessive force; whether plaintiff is entitled to an award of punitive damages.

  4. Narrowing of Issues.

  That reasonable suspicion/probable cause existed for the detention/arrest of the suspect; that the force used by the defendant police officer, if any, was justified; that defendant police officer is entitled to qualified immunity; that plaintiff's damages were caused by excessive force; that plaintiff is entitled to an award of punitive damages.

  5. Motions.

  **Plaintiff**: there are no pending motions. Plaintiff will pursue discovery regarding Defendant Officer CORSOLINI's personnel records and *Monell*-type discovery pursuant to a stipulated protective order. Plaintiff will file a discovery motion absent agreement. Plaintiff may

amend the pleadings to name other Defendant Officers who were integral participants in the violation of Plaintiff's Constitutional rights if such evidence is discovered.

**Defendants**:   absent agreement, dispositive motion re above.

6.   Relief.

Plaintiff seeks damages including General Damages in a sum according to proof, including wrongful death damages, emotional distress damages,, violation of Civil Code section 51.7 of $25,000.00 per count as a penalty in addition to actual damages, violation of Civil Code section 52.1 of $25,000.00 per count as a penalty in addition to actual damages, punitive damages according to proof, costs and attorneys fees according to proof.  Plaintiff also seeks injunctive relief pursuant to Civil Code section 52.1, enjoining Defendants from using or authorizing the use of excessive force.

7.   Discovery.

The parties anticipate conducting discovery as per the protocol defined in the FRCP but will likely exceed the limits for taking the depositions of all parties, and third party witnesses. In this regard, at this time, the parties estimate 25 or more persons may have witnessed some portion or all of the incident giving rise to this legal action. In addition, at least an equal number of persons may have been involved with a portion or all of the law enforcement investigation of the incident. Accordingly, the parties request leave of court to conduct depositions in excess of the FRCP up to a maximum of 50. In the event that the number of witnesses to be deposed exceeds the maximum of 50, the parties shall seek further relief from the Court.  The parties also anticipate serving written discovery including but not limited to interrogatories, request for production of documents, request for admissions, and subpoena duces tecum prior to the non-

expert discovery cut-off date.  Preliminarily, Joya served a request for production of documents to defendant City. Likewise City served Joya and Ali with similar written discovery. The parties anticipate that the parties will exchange responses to said written discovery prior to the further case management conference on April 18, 2008. The parties completed their respective initial disclosures on or before the initial case management conference.  The parties further agree that to the extent physical evidentiary samples relating to the decedent/officer, if any, are maintained by Hayward Police Department or the Alameda County Sheriff's Department, Coroner's Bureau, or said agencies designees or agents, said parties mutually agree that they may obtain sufficient evidentiary samples for analysis at their own cost and expense to prepare their respective cases.

Plaintiff has preserved evidence known to her.  Plaintiffs will seek the production of Defendant Officer CORSOLINI's personnel records pursuant to a stipulated protective order.

8.   ADR. The parties are amenable to ADR.

Plaintiff requests a settlement conference before a magistrate judge. Failing that the Plaintiff prefers mediation. Plaintiff expects that she will be in a position to discuss settlement after the depositions of the parties have been conducted.

Ultimately the parties stipulated to Court supervised mediation. On or about March 31, 2008, the mediator made his first contact with the parties to discuss potential dates for the global mediation. The mediator opined that until the parties responded to their respective written discovery requests, the mediation should not take place. Accordingly, at this time,  the mediator has not set a date for the mediation

In order to minimize the costs and attorneys fees associated with discovery, and to maximize settlement authority, at the outset, the parties prefer to mediate the dispute globally

with the related action of Ali v. City of Hayward, et al.  In the interests of judicial economy, the parties propose that the further case management conference scheduled for April 18, 2008 be vacated and reset in another 120 days so that the written discovery may be exchanged, analyzed, and a global mediation may be completed. In addition, the parties request that the Court also extend the deadline to complete ADR.  Under separate cover, counsel for Joya anticipates that he will submit an appropriate Stipulation and Proposed Order.

9. The parties anticipate a ten-day trial, including jury selection.

10. Related Cases.  Saleh Ali v. City of Hayward, et al., United States District Court Case No. C 07-04718 (CRB).

11. Disclosure of Non-Party Interested Entities or Persons:  Plaintiff will file her separate disclosure prior to the Joint Case Management Conference.  Pursuant to Civil L.R. 3-16, there is no such interest to report.

12. Proposed Schedule:

**Plaintiff**: Plaintiff request a trial in early 2009.

**Defendants**: It is premature to set a schedule at this time. In order to minimize the costs and attorneys fees associated with discovery, and to maximize settlement authority, at the outset, defendants prefer to globally mediate this dispute with the related action of Ali v. City of Hayward, et al.  Until the ADR process is completed, in the interests of judicial economy, defendants propose that the further case management conference scheduled for April 18, 2008 be vacated and reset in another 120 days so that aforementioned written discovery may be exchanged, analyzed, and a global mediation may be completed.

| | | |
|---|---|---|
| DATED: April 11, 2008 | | LAW OFFICES OF JOHN L. BURRIS |
| | | By: _____/s/_____ |
| | | BEN NISENBAUM |
| | | Attorney for Plaintiff |
| | | |
| DATED: April 11, 2008 | | MICHAEL S. LAWSON, City Attorney |
| | | By: _____/s/_____ |
| | | RANDOLPH S. HOM, |
| | | Assistant City Attorney |
| | | Attorneys for Defendants |