IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA JOYA, | No. C 07-04739 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| CITY OF HAYWARD, et al., | |
| Defendant. | |

On May 6, 2010, attorney for the defense Randolph Hom signed a declaration attesting that as of that date a copy of the defendant's bill of costs "has been served on all parties" via first class mail. Doc. 133, ex. A. However, when counsel for plaintiff finally received the bill on May 28, documents attached to it reflected that they had been generated on May 25. Id. at 3. Therefore, the bill of costs could not have been served via first class mail as of May 6 because the contents of that bill were not even printed until nearly three weeks later. Mr. Hom's declaration to the contrary was false.

On May 28, plaintiff moved to strike the bill on the grounds that it was untimely under Civil Local Rule 54-1 and that Mr. Hom's declaration was false. Mr. Hom failed to respond to this motion in any way, neither by withdrawing his untimely bill nor otherwise explaining himself in light of the serious allegations contained in plaintiff's motion.

1   In light of this silence, this Court issued on July 20 an order requiring counsel for both
2   parties, in addition to Mr. Hom's supervisor, to appear at a status conference on August 6.
3   On July 22, this hearing was continued by stipulation to August 20.

4   All told, between the filing of plaintiff's motion to strike and this Court's August 20
5   status conference, Mr. Hom had more than two months to respond to plaintiff's motion.
6   Although Mr. Hom now claims he believed the local rules precluded him from responding to
7   plaintiff's motion, even this thin excuse fails to explain why, upon being confronted with the
8   fact that his bill of costs was untimely and his declaration to the contrary was false, Mr. Hom
9   did not withdraw the bill.  Moreover, had this Court not sua sponte ordered a hearing, this
10  story likely would never have fully come to light.

11  At the August 20 hearing Mr. Hom offered an entirely uncorroborated explanation.
12  Even if it had been corroborated, such an explanation does not excuse an attorney making a
13  false statement under the penalty of perjury.  Mr. Hom well knew when he signed the
14  declaration that a copy had not yet been served.

15  This Court indicated at the hearing that it was inclined to refer the matter to the U.S.
16  Attorney's office for a perjury investigation.  Upon reflection, this Court now believes that
17  this issue is better considered as a matter of civil contempt.  Therefore, Mr. Hom is
18  ORDERED TO SHOW CAUSE why he should not be held in contempt.  A hearing is hereby
19  set for September 24 at 8:30am.

20  However, this order will be dissolved and the hearing vacated if Mr. Hom presents to
21  Plaintiff's counsel a cashier's check in the amount of $2,613.60, paid by his personal funds,
22  by close of business on September 3.  This amount will cover counsel's expenses in opposing
23  the bill of costs.  Mr. Hom shall advise the Court if and when he does so.

24  **IT IS SO ORDERED.**

27  Dated: August 26, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE